UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roberto Diaz Fragoso, | ) C/A No. 5:13-2548-TMC-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Immigration and Customs Enforcement, and Homeland Security Office, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Roberto Diaz Fragoso ("Plaintiff") is a detainee at the Greenville County Detention Center, incarcerated pending trial on several charges such as criminal domestic violence, stalking, assault and battery, etc. In the Complaint under review, he discloses that the Immigration and Customs Enforcement Agency ("I.C.E.") and/or "Homeland Security Office" placed a "hold" on his person while he is in jail with state criminal charges pending against him. Compl. 2-3, ECF No. 1.

Plaintiff filed this case on a "pro se non-prisoner complaint form," naming "Immigration & Custom Enforcement" and "Homeland Security Office" as the "Respondents" and "Defendants." *Id.* at 1-2. He asks this court to order I.C.E. to lift the hold as it was allegedly entered "prematurely"—before he was convicted on the pending state charges. Alternatively, if lifting the hold is not possible, he asks the court to set bond on the hold for him so that he can defend himself properly

against any immigration proceedings that might be ultimately instituted against him. *Id.* at 4-5.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff attempts to sue federal agencies for alleged constitutional violations in connection with the placement of an I.C.E. "hold" on him during his current Greenville County pretrial custody, making

this action one considered as having been brought pursuant to the *Bivens*[1] doctrine. However, close attention to his allegations discloses that Plaintiff is actually challenging his continued imprisonment, with the desire that he be released from custody.

Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988). Insofar as the legal plausibility of the Complaint in this case is concerned, under *Heck v. Humphrey*, 512 U.S. 477 (1994), "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." *Wilkinson v. Dotson*, 544 U.S. 74, 82, 86 (2005); *see Preiser v. Rodriguez*, 411 U.S. 475 (1973) (cited in *Heck*). In *Preiser*, the United States Supreme Court held prisoners' § 1983 action was barred because the relief it sought—restoration of good-time credits, which would shorten the prisoners' incarceration and hasten the date on which they would be transferred to supervised release—was not available under § 1983. 411 U.S. at 487-88. Here, Plaintiff seeks to have the court suspend the I.C.E. hold or arrange for him to be released on bond, neither of which is permissible relief pursuant to *Bivens*. Accordingly, Plaintiff's Complaint should be summarily dismissed as it fails to state a plausible *Bivens* claim.

Moreover, even if the relief requested could be obtained through means of the *Bivens* Complaint under review, this case would still be subject to summary dismissal because Plaintiff fails to name proper defendants. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *See United States v. Mitchell*, 463 U.S. 206, 212

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982).

(1983). The United States has not consented to suit *except* under the Federal Tort Claims Act. Both I.C.E. and Homeland Security Office are agencies of the United States government, and, as such, they are integral parts of the United States of America itself and entitled to sovereign immunity from most types of civil actions. An extension of *Bivens* to agencies of the federal government is not supported by the logic of *Bivens* itself, and the United States Supreme Court has held that there can be no plausible *Bivens* action filed against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). As a result, no plausible *Bivens* claim is stated against either of the named Defendants because they are not liable in *Bivens* actions.

In absence of any plausible *Bivens* or other federal claims on the face of the pleading, Plaintiff's Complaint should be summarily dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

October 15, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).